# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TONYA SMITH,**<br>    Plaintiff,<br><br>v.<br><br>**BASEBALL PLAYERS ASSOCIATION, INC.,**<br>    Defendant. | Case No. 4:22-cv-1454-CLM |

## MEMORANDUM OPINION

Tonya Smith sued Baseball Players Association, Inc. ("BPA") in the Circuit Court of Etowah County, Alabama, seeking compensatory and punitive damages after a slip-and-fall incident in BPA's parking lot in Gadsden, Alabama. (Doc. 1-1). BPA removed the case to this court on grounds of diversity jurisdiction. (Doc. 1). Smith moved to remand, only challenging that removal was untimely. (Doc. 4).

The court denied Smith's motion to remand on the grounds of untimely removal but ordered BPA to show cause why the court should not instead remand for failure to prove the amount in controversy requirement. (Doc. 7). BPA's response does not show that Smith seeks $75,000 or more, so the court **REMANDS** this case to the Etowah County Circuit Court.

## BACKGROUND

In her state-court complaint, Smith alleges she tripped and fell in BPA's parking lot because of uneven and broken spots in the lot and lack of adequate lighting. She alleges negligence and wantonness, claiming these injuries:

> (a) Plaintiff was caused to be knocked, shocked, strained, sprained, bruised and contused in and about her body;

 (b) Plaintiff was caused to suffer post-traumatic stress;
 (c) Plaintiff suffered temporary and/or permanent injuries;
 (d) Plaintiff sought medical attention to treat, remedy, and cure same injuries;
 (e) Plaintiff was caused to suffer lost wages; and
 (f) Plaintiff suffered emotional distress and mental anguish.

(Doc. 1-1). Plaintiff seeks compensatory and punitive damages.

BPA removed the case to federal court on November 16, 2022. In its notice of removal, BPA argued that the amount in controversy was satisfied because (1) Smith's complaint alleged injuries and demanded compensatory damages as stated above, (2) Smith sought punitive damages, (3) Smith's complaint did not expressly disclaim entitlement to more than $74,999.99 or state that she will not accept more, and (4) Smith's complaint does not formally acknowledge a $74,999.99 limitation on recovery. (Doc. 1).

Smith moved to remand (doc. 4), which the court denied on other grounds. (Doc. 7). But Smith did not question the amount in controversy in her motion to remand. So the court gave BPA another opportunity to brief the amount in controversy requirement, considering this court's decision in *Caldwell v. Williams*, No. 4:21-CV-563-CLM, 2021 WL 5416387 (N.D. Ala. Nov. 19, 2021). (Doc. 7). The court now analyzes BPA's response to determine whether the case can proceed in federal court.

## DISCUSSION

Federal courts have "limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case from state court to federal court if the case "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). A case could've been filed in federal court if it falls within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction

pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). When a party removes a case based on diversity jurisdiction, the removing party must prove that (1) the parties are completely diverse; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). And "the burden of proving jurisdiction lies with the removing defendant." *Id.* To satisfy this burden, defendant must offer more than "conclusory allegations." *Id.* at 1319-20. "[A] refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." *Id.* at 1320.

### A. Caselaw

1. <u>Eleventh Circuit</u>: A few Eleventh Circuit cases provide guidance for determining whether the amount in controversy is satisfied. For example, in *Williams v. Best Buy Co.*, the plaintiff alleged injuries from a slip and fall and demanded "general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time." *Id.* The only fact Best Buy offered to support that the amount in controversy was met was that the plaintiff failed to stipulate her claims did not exceed $75,000. But the Circuit found this was not enough for defendant to carry its burden. *Id.* So the court remanded the

3

case to the district court for defendant to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000. *Id.* at 1321.

In *Roe v. Michelin North Am., Inc.*, the plaintiff was a passenger in a car accident when the tread on the vehicle's Michelin tire separated, causing the vehicle to roll over, and killing the plaintiff and the driver. Roe, as representative of the decedent's estate, sued the tire manufacturer for negligence and wantonness for allegedly "designing, developing, and selling a tire that had a tendency to fail under foreseeable driving conditions." *Roe*, 613 F.3d at 1060. The plaintiff did not specify the amount of damages sought and did not deny that the amount in controversy exceeded $75,000. The district court found that the plaintiff's claims showed they likely met the jurisdictional requirement. *Id.* at 1064. The Eleventh Circuit affirmed. The Circuit found that, in determining whether the amount in controversy is met, courts must "examine the allegations in light of the particular causes of action chosen by the plaintiff." *Id.* at 1065. Because the case was brought under Alabama's Wrongful Death Act, the court considered five factors to determine whether the jurisdictional minimum was met,[1] and it analyzed the claims with judicial experience and common sense. In doing so, the court found the jurisdictional requirement satisfied.

2. <u>Northern District of Alabama</u>: This court and others in this district have analyzed the amount in controversy requirement in the context of slip-and-falls. For example, in *Caldwell v. Williams*, the plaintiff slipped on diesel fuel at a Circle K gas station and sued the on-site employee and the gas station for negligence and wantonness. 2021 *Caldwell*, 2021 WL 5416387, at *1. The plaintiff alleged that she was caused to suffer these injuries:

---

[1] The court considered (1) the finality of death, (2) the propriety of punishing the defendant, (3) whether the defendant could have prevented the victim's death, (4) how difficult it would have been for the defendant to have prevented the death, and (5) the public's interest in deterring others from engaging in conduct like the defendant's. *Id.* (citing *Tillis Trucking Co. v. Moses*, 748 So.2d 874, 889 (Ala. 1999)). These factors are specific to cases brought under Alabama's Wrongful Death Act.

(a) A right shoulder rotator cuff tear, which required surgery to treat;
(b) Physical pain, emotional distress, and anguish;
(c) Permanent injuries;
(d) Disfigurement;
(e) Expend sums of money in the nature of doctor, hospital, drug, and any other medical expenses in and about an effort to heal and cure her injuries; and,
(f) Lose earnings and earning capacity.

*Id*. When the plaintiff moved to remand for failure to prove the amount in controversy requirement, the defendant argued 5 things: (1) Caldwell requested various forms of compensatory damages; (2) she requested punitive damages; (3) Alabama juries have awarded more than $75,000 in factually similar cases; (4) she impermissibly used artful pleading to prevent federal jurisdiction; and (5) Caldwell refused to stipulate to the amount in controversy. This court found that neither the complaint nor the notice of removal offered any method of quantifying damages, and the defendant offered no evidence to support any valuation of Caldwell's claims. And even though the plaintiff's request for punitive damages and her refusal to stipulate that she sought less than $75,000 supported the defendants' effort to avoid remand, the lack of allegations or evidentiary submissions to quantify damages prevented the defendant from meeting its burden of proving the amount in controversy. *Id*. at *2-4.

Other courts in this district have analyzed the amount in controversy requirement in slip-and-fall cases similarly. *See Nichols v. Publix Super Markets, Inc.*, No. 2:21-CV-00035-AKK, 2021 WL 2587963 (N.D. Ala. Feb. 26, 2021) (finding that barebones allegations in a complaint supported by proof of nearly $20,000 in medical expenses could not meet the amount in controversy requirement by a preponderance); *see also Kiddd-Hicks v. Bellemere Properties, LLC*, No. 7:18-CV-00753-LSC, 2018 WL 4840113 (N.D. Ala. Oct. 4, 2018) (finding that pointing to language that injuries were "severe" was insufficient to prove the amount in controversy where no evidence of a damages amount was present); *see*

5

*also McAlpine v. Home Depot U.S.A., Inc.*, No. 2:15-cv-191-JEO, 2015 WL 2238115 (N.D. Ala. May 12, 2015) (finding that claimed damages—for hip surgery, five days' hospitalization, future medical bills, pain and discomfort, mental anguish, permanent impairment, loss of consortium, and punitive damages—were insufficient, standing alone, to prove the amount in controversy by a preponderance); *but see Finley v. Ingles Markets, Inc.*, No. 4:23-cv-714-CLM, 2024 WL 493943 (N.D. Ala. Feb. 8, 2024) (contrasting *Caldwell* and finding the amount in controversy met when the plaintiff alleged a "definitive compensatory damages anchor" in her complaint—a minimum of $25,000.01 plus punitive damages).

## B. Smith's Complaint

This case is similar to *Caldwell*, and unlike *Finley*, because this case lacks a definitive compensatory or punitive damages request. Smith says she was knocked, shocked, strained, sprained, bruised and contused in and about her body; suffered post-traumatic stress and temporary and/or permanent injuries; sought medical attention for those injuries; suffered lost wages; and suffered emotional distress and mental anguish.[2] (Doc. 1-1). But the complaint does not state a monetary amount in support of any of these alleged injuries, and Smith does not quantify any of her incurred or expected costs. So "examin[ing] the allegations in light of the particular causes of action chosen by the plaintiff" and in light of "judicial experience and common sense," the court disagrees that it is facially apparent from Smith's complaint that the amount in controversy is satisfied. *Roe*, 613 F.3d at 1065. Because Smith offers no method of quantifying her injuries,

---

[2] BPA says it is facially apparent from Smith's complaint that the amount in controversy is satisfied. (Doc. 8, pp. 4-9). In support, BPA cites another case in this district, *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015). *Bush* interprets *Roe* to mean that a plaintiff "who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. But when analyzing the amount in controversy, courts cannot "speculate in an attempt to make up for the [notice of removal's] failings. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). And, as discussed, many other courts in this district since *Bush* (including this court) have required that the defendant show *some* evidence to quantify the plaintiff's claims.

the burden lies with BPA as the removing party to prove that the amount in controversy "more likely than not" exceeds $75,000. *Id.* at 1061.

The only evidence BPA presents is (1) plaintiff does not include an ad damnum clause quantifying her injuries; and (2) plaintiff does not expressly disclaim entitlement to more than $74,999.99 or categorically state that she will not accept more.

First, BPA argues that Smith's complaint does not include an ad damnum clause quantifying her injuries. If the complaint does not contain an ad damnum clause, then "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(a). But, as discussed, BPA's notice of removal provides no evidentiary basis to assert the amount in controversy. So even considering that Smith's complaint lacks an ad damnum clause, "this court is not allowed to speculate about the damages plaintiff hopes to recover in an Alabama court, or to guess what an Alabama jury might do." *Mitchell v. SunTrust Mortg., Inc.*, 673 F. Supp. 2d 1317, 1319 (N. D. Ala. 2009); *see also Constant v. Int'l House of Pancakes, Inc.*, 487 F. Supp. 2d 1308 (N.D. Ala. 2007).

Second, BPA argues that Smith will not expressly disclaim entitlement to more than $74,999.99 or state that she will not accept more. Refusal to stipulate is one factor, but it is not alone sufficient to satisfy the defendant's burden of proof on the jurisdictional issue. *Williams v. Best Buy Co.*, 269 F.3d at 1320. So while this argument favors BPA, it cannot alone prevent remand.

Accordingly, BPA has not met its burden of proving the amount in controversy requirement.

## CONCLUSION

For the reasons stated within, the court finds that BPA has not carried its burden of proving the requisite amount in controversy. Because BPA has not established this court has subject matter jurisdiction over the action, the court **REMANDS** this case to the Circuit Court of Etowah County, Alabama.

The Court reminds the parties that the case may become removable if the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," and the defendants may then file a notice of removal within 30 days. 28 U.S.C. § 1446(b)(3).

The Clerk is directed to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** on May 21, 2024.

_/s/ Corey L. Maze_
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE